Barry, special judge,
delivered the opinion of the court.
This is an action of debt, brought by the defendant in error against Thomas W. Harris, the plaintiff in error, and John M. Fenner. The declaration is in the usual form, against Thomas W. Harris, as maker, and John M. Fenner as endorser of a bill single. The defendants below pleaded jointly four pleas, to three of which replications were filed and issues were joined. To one of the four is no replica-, tion or issue. This plea is in these words: “And for further plea in this behalf, defendants say actio non, because they say, that at the time of the exhibiting of the plaintiff’s writ against them, and at the commencement of this action, the said plaintiff was, and. still is, indebted to the said defendant in a much larger sum of money (due by note) than the amount due and owing from the said defendants, to said plaintiff; that said sum of money, so due and owing said defendants, from said plaintiff, to wit, the sum of *744 twelve hundred dollars, so due and owing said defendants, from said plaintiff, is wholly unpaid, &c.” Of this plea no notice seems to have been taken in any mode. At the term succeeding that in which the pleas were filed, the plaintiff, as is shown by the record, entered a nolle prosequi as to John M. Fenner. The cause was then submitted to a jury summoned to try the issues joined, who returned a verdict that, “they find in favor of the plaintiff, and assess his damages, &c. Upon this verdict, judgment is entered up in the usual form, and an appeal, in error, is prosecuted to this court. It is insisted, by the counsel for the plaintiff in error, that the proceedings in this case are irregular and the judgment erroneous, because there was no issue joined upon the plea of set-off, and, therefore, no verdict upon that defence. That the defendant in error should have replied, demurred, or moved to have the plea stricken from the record, before proceeding to trial upon the other issues. That the court could not treat the plea as a nullity, or consider it as having been waived by the plaintiff in error; and that having so done, the judgment is erroneous and should be reversed. To sustain these propositions, the counsel rely upon the numerous cases, presenting verdicts where there were no issues, or where the verdict was not responsive to the issue, in all which cases, the judgments have been held erroneous. The difference between those cases and that now before us is obvious. Here there are three issues submitted to the jury, and fully covered by the general verdict. Had the plea in question stood alone, a different record would have been presented, and the cases cited would have been apposite. But a widely different state of facts is presented, and the sole question is, whether the court below erred in totally disregarding the plea of a set-off, on which *745 there was no issue. We are of opinion the court acted correctly.
1. The plea is so radically defective, in the statement of the set-off, intended to be relied on, that it amounts to little more than the kind of plea so often reprobated by this court, termed by courtesy, a plea in short. This description of plea, it has often been declared, may be treated as a nullity. The plaintiff cannot be required to notice with formality, a plea, totally wanting in both form and substance. 1 Chitty on PI., 575; Story on PL, 38, and the authorities there cited. If we consider it a plea of set-off, founded upon a note, as it professes to be, there is no statement of its date, terms, or time of payment. This is essential if for no other reason than to show that the debt was due at the commencement of the suit. If not due, till afterwards, it would not be good as a set-off in this case. For ought that appears, it may have been “ debitum in pressenti, solvendum in futuroIf the set-off were merely an account, the plea stating no consideration, nor promise to pay, would be a nullity. No court would, in either case, have hesitated to strike it out on motion, and, therefore, might properly treat it with less ceremony, by totally disregarding it.
2. Admitting the plea to have been well pleaded, both in form and substance, we st'ill think the record contains no error.
By the act of 1794, chap. 1, sec. 26, after the time for filing a replication has elapsed, the plaintiff may be non-suited, for not having taken this step. If the defendant, instead of adopting this course, designed to secure to him the benefit of his proposed defence, elect to go to trial upon other issues, made in the case, can he after verdict be heard to complain that he has not had the trial of a *746 plea, to which there was no replication or issue? We think not. He may well be deemed to have waived this defence, and to have assented that the plea should be disregarded. Therefore in' either state of the question, whether the plea, being essentially and manifestly vicious, were a nullity, or whether being substantially good, the defendant must be held to 'have waived it, we can see no error in the action of the court below, and accordingly affirm the judgment.